UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OUSIN SAEPHANH,<br><br>    Plaintiff,<br><br>    v.<br><br>TONYA ANDREWS, et al.,<br><br>    Defendant. | No. 1:25-cv-01668-DAD-SCR<br><br>ORDER GRANTING IN PART PETITIONER'S *EX PARTE* MOTION FOR A TEMPORARY RESTRAINING ORDER<br><br>(Doc. No. 5) |

This matter is before the court on petitioner's *ex parte* motion for a temporary restraining order filed on November 26, 2025. (Doc. No. 5.) For the reasons explained below, the court will grant petitioner's motion in part.

**BACKGROUND**

On November 26, 2025, petitioner Ousin Saephanh filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) The parties presented evidence of the following.

Petitioner, a native and citizen of Laos, was admitted to the United States in 1987 as a lawful permanent resident. (Doc. No. 10-1 at 2.) In 1990, petitioner was convicted of offenses under 21 U.S.C. §§ 841(a)(1) and 952. (Doc. Nos. 5-1 at 9; 10 at 3–4; 10-1 at 2.) As a result, he was transferred to immigration custody in 1994 and a final removal order issued in 1995. (Doc.

1

1  No. 10-1 at 2.) He was then released from custody in 1997 and has lived in the United States
2  with his family ever since. (Doc. Nos. 5-1 at 9–10; 10-1 at 2.) Petitioner was re-detained on
3  August 6, 2025, without any explanation or informal interview. (Doc. No. 5-2 at 2.) The
4  Department of Homeland Security ("DHS") then began the process of requesting travel
5  documents from Laos on August 15, 2025 and received those documents on November 28, 2025.
6  (Doc. No. 10-1 at 2–3.) Petitioner is scheduled to be placed on a flight to Laos within the next
7  two weeks. (*Id.* at 3.)
8        On November 26, 2025, petitioner filed his motion for a temporary restraining order.
9  (Doc. No. 5.) In that motion, petitioner appears to request release from detention, a pre-
10 deprivation hearing prior to any re-detention, and no third country removal without written notice
11 and an opportunity to be heard. (*Id.* at 2–4.) On December 1, 2025, respondents filed their
12 opposition to petitioner's motion. (Doc. No. 10.)

13                             **LEGAL STANDARD**

14       The standard governing the issuing of a temporary restraining order is "substantially
15 identical" to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v.*
16 *John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "The proper legal standard for
17 preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the
18 merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the
19 balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans,*
20 *Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council,*
21 *Inc.*, 555 U.S. 7, 20 (2008)); *see also Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1172 (9th
22 Cir. 2011) ("After *Winter*, 'plaintiffs must establish that irreparable harm is likely, not just
23 possible, in order to obtain a preliminary injunction.'"); *Am. Trucking Ass'n, Inc. v. City of Los*
24 *Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). A plaintiff seeking a preliminary injunction must
25 make a showing on all four of these prongs. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127,
26 1135 (9th Cir. 2011). The Ninth Circuit has also held that "[a] preliminary injunction is
27 appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were
28 raised and the balance of hardships tips sharply in the plaintiff's favor." *Id.* at 1134–35 (citation

omitted). The party seeking the injunction bears the burden of proving these elements. *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009); *see also Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) (citation omitted) ("A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief."). Finally, an injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

The likelihood of success on the merits is the most important *Winter* factor. *See Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017). Plaintiff bears the burden of demonstrating that he is likely to succeed on the merits of his claims or, at the very least, that "serious questions going to the merits were raised." *All. for Wild Rockies*, 632 F.3d at 1131.

## DISCUSSION

**A.     Likelihood of Success on the Merits**

Petitioner argues that respondents have violated C.F.R. §§ 241.4 and 241.13. (Doc. No. 5-1 at 21–29.) Respondents argue that § 241.13 does not apply. (Doc. No. 10 at 9.)

Respondents take the position that § 241.4 does apply here, and concede that they did not comply with the notification and initial informal interview requirements outlined in § 241.4(l)(1).[1] They argue that petitioner was re-detained pursuant to § 241.4(l)(2) and therefore they were not required to abide by § 241.4(l)(1). "Though DHS has asserted in other litigation that the notice requirements set forth in 8 C.F.R. § 241.4(l)(1) do not constrain revocation of release pursuant to § 241.4(l)(2), several district courts have rejected that argument." *Diaz v. Wofford*, No. 1:25-cv-01079-JLT-EPG, 2025 WL 2581575, at *5 (E.D. Cal. Sept. 5, 2025); *see also Constantinovici v. Bondi*, No. 3:25-cv-02405-RBM-AHG, 2025 WL 2898985, at *4 (S.D. Cal. Oct. 10, 2025) ("District courts have consistently rejected this argument and held that § 241.4(l)(1)'s procedural requirements apply equally to revocation of a noncitizen's release pursuant to § 241.4(l)(2). . . . Even if ICE has discretion to revoke a noncitizen's release under

---

[1] For purposes of resolving the pending motion, the court will assume without deciding that § 241.13 does not apply here.

3

1  § 241.4(l)(2), the noncitizen's liberty interests are still implicated by his or her re-detention. The
2  Court therefore finds such procedural requirements apply to any noncitizen whose supervision is
3  revoked under § 241.4(l), including Petitioner."). This court agrees with those decisions.
4  Further, "DHS's failure to follow its own procedural regulations may constitute a due process
5  violation." *Diaz*, 2025 WL 2581575, at *7. Accordingly, the court concludes that petitioner is
6  likely to succeed on the merits of this claim.

7  **B.      Irreparable Harm, Balance of Equities, and Public Interest**

8  For the reasons stated in *N.D.N. v. Bondi*, No. 1:25-cv-01587-DAD-CKD, 2025 WL
9  3251102, at *7 (E.D. Cal. Nov. 21, 2025), the court finds that the irreparable harm, balance of
10 equities, and public interest factors favor granting petitioner's motion for a temporary restraining
11 order.

12 **C.      Appropriate Relief**

13 Petitioner appears to request release from detention, a pre-deprivation hearing prior to any
14 re-detention, and no third country removal without written notice and an opportunity to be heard.
15 (Doc. No. 5 at 2–4.)

16 Respondents argue that any regulatory violation is harmless and therefore cannot support
17 relief because provision of notice and opportunity to be heard would not have prevented
18 petitioner from being removed in the next few weeks. (Doc. No. 10 at 11.) Though harmless
19 error review applies when reviewing immigration court decisions, *Zamorano v. Garland*, 2 F.4th
20 1213, 1228 (9th Cir. 2021), it is questionable whether it applies to ICE's failure to afford basic
21 notice and opportunity to be heard protections codified by the regulations. *Soryadvongsa v.*
22 *Noem*, No. 25-cv-02663-AGS-DDL, 2025 WL 3126821, at *3 (S.D. Cal. Nov. 8, 2025)
23 ("Especially in the context of civil detentions—when constitutional safeguards are at their
24 zenith—this Court is unwilling to import such a prejudice analysis into regulations or binding
25 caselaw that don't mention it. The government's authority to civilly detain anyone is strictly
26 confined.").

27 Regardless, the court finds that petitioner may have been released following appropriate
28 notice and an opportunity to be heard because respondents have offered no evidence to suggest

4

1    that, at the time of his August 6, 2025 detention, respondents had reason to believe that
2    petitioner's removal was reasonably foreseeable.  *Khamba v. Albarran*, No. 1:25-cv-01227-JLT-
3    SKO, 2025 WL 2959276, at *10 (E.D. Cal. Oct. 17, 2025) ("Though DHS now asserts that his
4    removal is likely to be secured within the coming weeks as a result of an application for travel
5    documents submitted weeks after his arrest, this justification was not presented to Mr. Khamba at
6    the time of his arrest on August 29, 2025, but instead was offered *post hoc* in a declaration filed
7    on September 24, 2025."); *see also Nguyen v. Archambeault*, No. 25-cv-04107-SHD-ASB, 2025
8    WL 3250922, at *1 (D. Ariz. Nov. 21, 2025) ("Respondents' failure to comply with the
9    governing regulation is prejudicial in that, if the regulation had been followed, Petitioner would
10   have had a meaningful timely opportunity to no longer be detained.").  Therefore, the error in
11   failing to comply with the applicable regulations was not harmless.
12       "[C]ourts 'have found that when ICE fails to follow its own regulations in revoking
13   release, the detention is unlawful, and the petitioner's release must be ordered.'"  *Nguyen v.*
14   *Noem*, No. 25-cv-02792-LL-VET, 2025 WL 3101979, at *3 (S.D. Cal. Nov. 6, 2025).  For the
15   same reasons outlined in *N.D.N.*, 2025 WL 3251102, at *6, the court will also order a pre-
16   deprivation hearing prior to any re-detention and deny relief related to third country removal.

## CONCLUSION

For the reasons explained above,

1. Petitioner's motion for a temporary restraining order (Doc. No. 5) is GRANTED in part as follows:

    a. Respondents are ORDERED to immediately release petitioner from respondents' custody on the same conditions he was subject to immediately prior to his August 6, 2025 detention;

    b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge;

    c. Petitioner's request for a temporary restraining order enjoining respondents from removing him to a third country without notice and an opportunity to

5

be heard is DENIED without prejudice to a renewed motion for temporary restraining order if such issue becomes ripe for review;

2. Under the circumstances of this case, petitioner will not be required to post bond pursuant to Rule 65(c) of the Federal Rules of Civil Procedure; and

3. The parties are directed to meet and confer and, if possible, submit a joint proposed briefing schedule and hearing date with respect to any motion for a preliminary injunction no later than fourteen (14) days from the date of entry of this order.

IT IS SO ORDERED.

Dated:  **December 2, 2025**

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES DISTRICT JUDGE